

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| RAMSCEAIR JACQUES FLEMMINGS, § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> UNITED STATES OF AMERICA, FEDERAL § <br> CORRECTIONAL INSTITUTION § <br> WILLIAMSBURG, FCI WARDEN B. § <br> ANTONELLI, § <br> Defendants. § | Civil Action No.: 4:23-1471-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING ACTION WITHOUT PREJUDICE, WITHOUT ISSUANCE AND
SERVICE OF PROCESS, AND WITHOUT LEAVE TO AMEND**

Plaintiff Ramsceair Jacques Flemmings (Flemmings), proceeding pro se, filed a complaint against Defendants United States of America, Williamsburg Federal Correctional Institution, and FCI Warden B. Antonelli, alleging claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Magistrate Judge also construes a Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, cause of action.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss this case without prejudice, without issuance and service of process, and without leave to amend. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 31, 2023. To date, Flemmings has failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

The Court finds no clear error. Although the Report fails to discuss Flemmings's Section 1983 cause of action, the Court notes such a claim is inapplicable in this case, where all Defendants are federal entities and officials. *See Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.").

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report to the extent it does not contradict this order and incorporates it herein. Therefore, it is the judgment of the Court this action is **DISMISSED WITHOUT PREJUDICE**, without issuance and service of process, and without leave to amend.

**IT IS SO ORDERED**.

Signed this 28th day of June 2023, in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.