

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RAMSCEAIR JACQUES FLEMMINGS,     §<br>           Plaintiff,                              §<br>                                                        §<br>vs.                                                    §         Civil Action No.: 4:23-1471-MGL<br>                                                        §<br>UNITED STATES OF AMERICA, FEDERAL §<br>CORRECTIONAL INSTITUTION        §<br>WILLIAMSBURG, FCI WARDEN B.   §<br>ANTONELLI,                                    §<br>           Defendants.                          § | |

**AMENDED ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING ACTION WITHOUT PREJUDICE, WITHOUT ISSUANCE AND
SERVICE OF PROCESS, AND WITHOUT LEAVE TO AMEND**

Plaintiff Ramsceair Jacques Flemmings (Flemmings), proceeding pro se, filed a complaint against Defendants United States of America, Federal Correctional Institution Williamsburg, and FCI Warden B. Antonelli, alleging claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Magistrate Judge also construes a Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, cause of action.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss this case without prejudice, without issuance and service of process, and without leave to amend. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 31, 2023. The Clerk's Office docketed Flemmings's objections on July 5, 2023. Because it determines that the objections lack merit, it will overrule them and enter an amended judgment accordingly.

Construing Flemmings's first objection liberally, the Court determines he disputes that the discretionary-function exception to the United States' waiver of sovereign immunity bars his FTCA claims.

The FTCA provides for a limited waiver of the United States' sovereign immunity by allowing "the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001).

But, this waiver fails to extend to

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

As the Magistrate Judge explained, when determining whether the discretionary function exception applies, the Court considers whether the action involves choice by the government actor or if it was mandated by statute, regulation, or policy. Then, if the action involves choice, the

Court considers whether it is "of the kind that the discretionary function was designed to shield." *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988).

Flemmings cites the Bureau of Prisons (BOP) Program Statement describing the National Occupational Safety and Health Policy, which provides that the purpose of the policy is to "[p]rovide an environment free from recognized hazard[s] likely to cause death or serious physical harm." BOP Program Statement 1600.11 at 1. It goes on to state that "[p]ersonnel are encouraged to report unsafe or unhealthful conditions to their supervisors." *Id.* at 16.

Although there is a policy to help protect health and safety of inmates, this Program Statement provides prison personnel with discretion to implement the guidelines as appropriate. *See id.* (using language like "encouraged"). The Court determines this freedom is exactly the kind of choice the discretionary function exception to the waiver of sovereign immunity was meant to protect. The Court thus has no jurisdiction to hear Flemmings's FTCA claims. *See Williams v. United States*, 50 F.3d 299, 304–05 (4th Cir. 1995) (explaining that federal courts lack jurisdiction over FTCA claims when the discretionary function exception applies).

The Court will therefore overrule this objection.

Otherwise, Flemmings fails to make specific objections to the Report. Nevertheless, out of an abundance of caution, the Court has reviewed the Report de novo and found no error. It will thus overrule each of his remaining objections, as well.

Finally, the Court notes although the Report fails to discuss Flemmings's Section 1983 cause of action, the Court notes such a claim is inapplicable in this case, where all Defendants are federal entities and officials. *See Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.").

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report to the extent it does not

contradict this order and incorporates it herein. Therefore, it is the judgment of the Court this action is **DISMISSED WITHOUT PREJUDICE**, without issuance and service of process, and without leave to amend.

**IT IS SO ORDERED**.

Signed this 21st day of September 2023, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.